UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 1:21-CR-51-HAB-SLC<br>CASE NO. 1:25-CV-609-HAB |
| RONNIE L RUTHERFORD JR | |

**OPINION AND ORDER**

Defendant Ronnie L. Rutherford Jr. ("Rutherford") is serving a 120-month prison term for possessing a controlled substance with intent to distribute. On November 13, 2025, Rutherford filed a motion before this Court to vacate his sentence under 28 U.S.C. § 2255. (ECF 56). The Court denied that motion because his claim was both meritless and time barred. (ECF 57).

Rutherford has since filed a "Motion in Response to Courts Denial of Motion 2255." (ECF 59). In his motion, Rutherford argues that the one-year statute of limitations under Section 2255 should be equitably tolled in his case. (*Id.* at 2). He claims he was not informed about consequences of a sentencing enhancement under 21 U.S.C. § 851 that he believes was misapplied until August 11, 2025. (*Id.*). In his view, this was a new fact that could not have been discoverable through the exercise of due diligence, so he is entitled to a tolling of the statute of limitations until then. (*Id.* at 1–2). The Court construes this liberally as a motion to reconsider its order on Rutherford's original Section 2255 motion.

Section 2255 sets forth a one-year statute of limitations. 28 U.S.C. § 2255(f). That limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, Rutherford insists that his discovery of the purported misapplication qualifies for tolling the statute of limitations under the "new facts" exception described in 28 U.S.C. § 2255(f)(4). But as the Court already explained in its original order, "[w]hat Rutherford points to is not a newly discovered "fact" that would exempt him from the time-limitation." (ECF 57, at 2). His argument centers around the law and its application, not facts about his case that were newly discovered this past August. An allegation that an enhancement was misapplied is one of legal, not factual, innocence, so the time bar still applies. *Lairy v. United States*, 142 F.4th 907, 915 (7th Cir. 2025).

The Court also explained in its original order why, even if this did constitute a "new fact," his arguments fail:

> Even if Rutherford were claiming factual innocence, he must allege new facts that would not have been discoverable without due diligence before the past year. 28 U.S.C. § 2255(f)(4). The Government entered a notice of information before Rutherford's guilty plea to establish his prior conviction so it could seek a sentence enhancement. (ECF No. 29). This put him and his counsel on notice of the requirements for an enhancement under 21 U.S.C. § 851. He had all the evidence he needed for this before trial and due diligence could have uncovered any error.
> But there was no error to begin with. Despite Rutherford's claim to the contrary, the enhancement under 21 U.S.C. § 851 can apply to those with "*one or more* prior convictions." 21 U.S.C. § 851(a)(1) (emphasis added). A defendant need not have *more than one* prior conviction.

(ECF 57, at 2–3).

Rutherford has offered nothing more to the Court in his new motion to change its original analysis. As such, the Court will not change its original ruling.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to either "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Just like with his original motion, the Court finds that no reasonable jurist could conclude that Rutherford is entitled to relief, so no certificate of appealability will be issued.

Rutherford's motion (ECF No. 59) is DENIED and no certificate of appealability will issue.

**SO ORDERED** on February 11, 2026.

　s/ *Holly A. Brady*　　　　　　　　
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
